Cowin, J.
Plaintiff Diego Messina has moved for summary judgment in regard to the unpaid balance and interest on a promissory note (“note”). The note was signed by James Pauli, (“Pauli”), President of Industrial Energy Corporation (“I.E.C.”) on February 21, 1991 for the benefit of the plaintiff in the principal sum of $20,000.00. Plaintiff requests summary judgment on the ground that I.E.C. is in breach of the terms of the note as it has not made all required payments to the plaintiff.[1] Defendant seeks to defeat the motion for summary judgment by claiming that the interest terms of the note are usurious under G.L.c. 271, §49 (any loan at an interest rate greater than 20% per year may be declared void upon petition of the person to whom the loan was made). Pauli further argues that as President of I.E.C. he relied on an accountant’s advice in signing the note and that the accountant who was a stockholder of I.E.C. breached his fiduciary duty to I.E.C. Further, the accountant was also an accountant for the plaintiff Messina and he allegedly favored one client (Messina) at the expense of another (I.E.C.).
There is no question that the note’s interest rate exceeds the statutorily permissible limit of 20 percent.[2] See G.L.c. 271, §49. Nevertheless, defendant has had the benefit of the proceeds of the note. Applying the balancing test of Begelfer v. Najarian, 381 Mass. 177 (1980), and applying the equitable remedy adopted in that case, this Court strikes the default provisions of the note as offensive to the statute. Accordingly, the note is to be enforced only to the extent of the 20% interest per year. The default provisions adding 5% per month if nothing is paid over 210 days from the date of the note and the 10% late fee provision are stricken as offensive to G.L.c. 271, §49. Such a remedy is a proper accommodation between enforcing the public policy underlying the prohibitions of the act and preventing an undeserved windfall to the defendant. Id. at 189.
Defendant also claims that an issue of material fact is created by virtue of the role of the accountant, Richard Marra (“Marra”). Even assuming all facts as the defendant states them, that is, that Marra were the accountant both for I.E.C. and for the plaintiff and *183 that Pauli and/or I.E.C. relied on Messina’s advice in executing the note at an usurious interest rate, such a scenario does not invalidate the note. Following bad advice is not a defense to non-payment of the note. No fraud or duress is alleged. No evidence has been presented as to why the note should not be enforced as modified.
Summary judgment is to enter for the plaintiff against I.E.C. on Count I only (breach of contract) as to so much of the unpaid principal with interest calculated at 20 percent. Plaintiff is to submit a statement of the amount so calculated within seven days of the date of this Order.
ORDER
For the foregoing reasons, plaintiffs motion for summary judgment is ALLOWED as to Count I.

The Court assumes that plaintiff seeks summary judgment against I.E.C. only on Count I, the breach of contract claim. Count IV is also against I.E.C. but is a claim for violation of Chapter 93A and requires the taking of evidence.

Plaintiff conceded as much at oral argument.